**Dr. Chunhye Kim LEE, Plaintiff–Appellant,**

v.

**ARIZONA BOARD OF REGENTS; Northern Arizona University, Defendants–Appellees.**

No. 00–15538.

D.C. No. CV–96–02824–RCB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Dec. 3, 2001.

**532**

Before BEEZER, TROTT, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Dr. Chunhye Kim Lee ("Lee") appeals the district court's grant of summary judgment dismissing her employment discrimination claims under Title VII, the Rehabilitation Act, the Americans with Disabilities Act, the Equal Pay Act, and the Arizona Civil Rights Act. We review a grant of summary judgment de novo. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 829 (9th Cir.2000). We have jurisdiction under 28 U.S.C. § 1291 and now reverse the district court's dismissal as to Lee's claim of retaliation by reassignment. We affirm

the district court's dismissal of all other claims.

### 1. *Admissibility of Testimony*

■ As a preliminary matter, Lee asserts that the district court erred in excluding the testimony of a Northern Arizona University ("NAU") professor as hearsay. While the district court did not expressly consider whether the statements were an admission by a party opponent under Federal Rule of Evidence 801(d)(2)(D), this omission would not constitute an abuse of discretion. *See Freeman v. Allstate Ins. Co.*, 253 F.3d 533, 536 (9th Cir.2001). Further, even if this was error, it was not prejudicial since other evidence on the issue of senior faculty members teaching introductory courses was already in the record. *See id.* (holding that error must be prejudicial to merit reversal).

### 2. *Lee's Claims of Discrimination under Title VII* [1]

The district court properly held that Lee failed to establish a prima facie case of discrimination as to her claims that she was denied part-time teaching, that she was subjected to a hostile work environment, and that she was retaliated against by means of an investigation. First, the routing of Lee's requests for part-time teaching to the Affirmative Action Office ("AAO"), where Lee herself requested an accommodation for her depression, does not support a prima facie case of discrimination based on gender, race, or ethnicity

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Because Lee failed to raise the religious discrimination claim in both her EEOC and district court complaints, consideration of this claim is precluded on appeal. *See Barnett v. U.S. Air. Inc.*, 228 F.3d 1105, 1111 n. 1 (9th

Cir.2000) (en banc), *cert. granted on other grounds,* —— U.S. ——, 121 S.Ct. 1600, 149 L.Ed.2d 467 (2001). Further, because Lee has not raised the issue of whether the denial of team teaching opportunities constitutes unlawful retaliation in her opening brief in this court, this issue will not be considered on appeal. *See id.*

under Title VII. Second, Lee failed to produce any facts to show that she was subjected to the type of "unwelcome, pervasive and regular" discriminatory conduct that is required for a hostile work environment claim. *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 908 (9th Cir.1999) (citations omitted). Finally, none of the facts presented show that any of the individuals involved with the investigation into Lee's behavior were motivated to retaliate against Lee, or were influenced by others to take action adverse to Lee.

The district court also properly held that despite the prima facie case established as to her claims of discriminatory removal from teaching and unequal pay, Lee failed to rebut the legitimate non-discriminatory reasons provided for these actions and therefore failed to raise a genuine issue of fact. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir.1994).

■ However, the district court erred in dismissing Lee's claim that she was retaliated against by means of reassignment. Lee's transfer to a different teaching schedule may be considered an adverse employment action for purposes of establishing a prima facie case. *See Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000). Further, a causal link can be inferred from the proximity in time between the protected action, *i.e.*, the filing of Lee's EEOC complaint, and the allegedly retaliatory employment decision. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987). Finally Lee's testimony that Brynteson told her that she was being reassigned because she filed an EEOC complaint raises a genuine issue of fact as to NAU's legitimate reasons for its employment action. The district court erred in granting summary judgment on this basis.

3. *Lee's Claim of Discriminatory Disbursement*

■ Since Lee's claim of discriminatory disbursement of the Cowden Funds was not properly raised in Lee's EEOC complaint, the district court correctly declined to rule on that issue. *See Green v. Los Angeles County*, 883 F.2d 1472, 1475 (9th Cir.1989). Lee states in her EEOC complaint that: "I protested the treatment that I was receiving in being denied the use of the Cowden Endowment Fund for research. I was not given a pay raise and released from my teaching duties." At the completion of its investigation, the EEOC found that "[t]here is no evidence in the records to indicate the denial of your merit increase and your removal from teaching responsibilities was related to your sex, your national original, or for protesting unlawful employment practices under Title VII." The EEOC did not interpret Lee's complaint to include a claim of discrimination in the disbursement of the funds themselves; Lee's challenge to the disbursement of the funds was investigated solely as a basis for her claim of retaliation. Thus, the district court properly declined to rule on this claim.

4. *Lee's Disability Discrimination Claim under The Rehabilitation Act* [2]

■ The district court properly held that Lee was not disabled within the meaning of the Rehabilitation Act. While Lee's depression could be considered a mental impairment for purposes of the Rehabilitation Act, *see Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1088 (9th

---

**2.** Lee originally alleged discrimination in violation of both the Rehabilitation Act and the Americans with Disabilities Act. In light of the Supreme Court's holding in *Board of Trustees v. Garrett*, 531 U.S. 356, 374, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), that individuals cannot subject states to suit under the ADA, Lee's claims under the ADA are barred.

Cir.2001), Lee failed to show that she has a mental impairment that substantially limits a major life activity. *See* 42 U.S.C. § 12102(2)(A). Lee did not provide any facts to establish that she was substantially restricted in her sleep, or that her interactions with others were characterized by "consistently high levels of hostility, social withdrawal, or failure to communicate." *McAlindin v. San Diego*, 192 F.3d 1226, 1235 (9th Cir.1999), *amended by*, 201 F.3d 1211 (9th Cir.2000), *cert. denied*, 530 U.S. 1243, 120 S.Ct. 2689, 147 L.Ed.2d 961 (2000). Further, Lee was not substantially impaired in intellectual function and concentration, which arguably are not even major life activities,[3] as evidenced by the fact that she continued to teach a full course load at NAU.

■ Lee has also failed to show that she had a record of such an impairment, *see* 42 U.S.C. § 12102(2)(B), or that NAU regarded her as having a disability which substantially impaired her major life activities, *see* 42 U.S.C. § 12102(2)(C). Lee's leave requests were routed to the AAO because Lee characterized them as requests for accommodations, and most of the evidence shows that NAU did not believe that Lee was claiming disability in good faith.

The district court also properly held that NAU's conduct was sufficient for purposes of engaging in an interactive process. NAU did not delay or obstruct the process and satisfied its burden of communicating and exchanging essential information with Lee. *See Barnett*, 228 F.3d at 1114–15.

Finally, the district court correctly held that NAU's request for an independent medical examination did not constitute discriminatory conduct. NAU was trying to determine whether Lee was capable of doing her job; its request was "job-related and consistent with business necessity."

42 U.S.C. § 12112(d)(4)(A); *see also Yin v. California*, 95 F.3d 864, 868 (9th Cir.1996).

### 5. *Lee's Claim under the Equal Pay Act*

■ The district court properly held that Lee did not establish a prima facie case under the Equal Pay Act since she did not show that her duties as committee chair were substantially equal to the duties of the Department Coordinator. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *Hein v. Oregon College of Educ.*, 718 F.2d 910, 913 (9th Cir.1983). Lee provides no facts to support the conclusion that a common core of tasks existed between these two positions or to show why the additional tasks of supervising, evaluation, and hiring were insufficient to render the positions substantially different. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1074 (9th Cir.1999).

### 6. *Lee's Claim under the Arizona Civil Rights Act*

■ The district court properly held that Lee did not establish a prima facie case under the Arizona Civil Rights Act. First, as Lee's disability is a mental impairment and the term "handicap" in the ACRA is limited to "physical impairments," Lee's claim on the basis of disability cannot succeed. A.R.S. § 41–1461(4). Second, because Lee's employment discrimination claims do not survive under federal law, summary judgment was proper as to her state claims as well. *See Francini v. Phoenix Newspapers, Inc.*, 188 Ariz. 576, 937 P.2d 1382, 1388 (Ct.App.1996)(noting that ACRA is modeled after federal employment discrimination laws).

---

**3.** *See Pack v. Kmart*, 166 F.3d 1300, 1305 (10th Cir.1999) ("Concentration may be a significant and necessary component of a major life activity, such as working, learning or speaking, but it is not an 'activity' itself.").

We reverse the district court's grant of summary judgment on Lee's claim of retaliation by reassignment but affirm the district court's entry of summary judgment in favor of defendants on all remaining claims.

AFFIRMED in part; REVERSED in part; and REMANDED for trial only on the claim of retaliation by reassignment. Each party will bear its own costs.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.